■ In the Matter of the Claim of EARL BROOKS, Respondent, against SEMET SOLVAY DIVISION, ALLIED CHEMICAL & DYE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board. On December 21, 1954 the claimant injured his left thumb in the course of his employment. He reported the injury to his foreman and the employer's gateman, who was authorized to furnish first aid to injured employees, put something on the thumb and bandaged it. The claimant lost no time from work but finally because the thumb continued to bother him he consulted his own physician on March 21, 1957. He thereafter told his foreman about the thumb and that he had had it X-rayed. A report of the first-aid treatment previously rendered to the claimant was found and he was sent by the employer to see a physician. This doctor X-rayed the thumb and bandaged it. A claim for compensation filed on May 27, 1957 was disallowed by the Referee because it had not been filed within two years after the accident. The board reversed, finding that the bandaging of the thumb by the gateman constituted an advance payment of compensation sufficient to waive the two-year filing requirement of section 28 of the Workmen's Compensation Law. A furnishing of medical services by the employer sufficient to constitute an advance payment of compensation can be made out from first-aid treatment rendered at the time of the accident (*Matter of Salemi* v. *Farrand Optical Co.*, 302 N. Y. 837). The first-aid treatment rendered to the claimant here was performed by the person designated by the employer to give such treatment and it was done with the knowledge that the injury arose in the course of

the claimant's employment. There is further here the action which the employer took when it sent the claimant to see its physician in 1957. This physician reported that he had treated the claimant and was engaged by the employer and the employer in its report of injury in 1957 stated that it had provided medical care. On this record the board could properly determine that the employer furnished medical services which constituted an advance payment of compensation to the claimant and that the two-year filing requirement was thereby waived. (*Matter of Hamilton* v. *Village of Lynbrook*, 284 N. Y. 613.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.