In the Matter of the Claim of JOSEPH DRAB, Appellant, against CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board holding that his claim is barred by failure to give notice in compliance with section 28 of the Workmen's Compensation Law. Claimant alleges that he sustained an accident in the nature of a heart attack on February 8, 1954. A written claim was not filed until March 14, 1957, more than three years after the alleged occurrence. Claimant contends that the self-insured employer knew of the alleged accident, and that the failure to comply with section 28 was waived by an advance payment of compensation. Appellant testified that on February 8, 1954, while he was assisting and lifting a coemployee who had suffered a heart attack, he felt a pain in his chest and arms, and that he told one of the employer's plant doctors about it the next day. The employer maintained a medical department from which its employees could receive treatment for physical ailment whether employment connected or not. Claimant had been visiting the medical department at regular intervals because of an ulcer condition. There is nothing in the documentary evidence or in the oral testimony, other than claimant's testimony, which indicates that claimant at any time reported to his superior, to coemployees, or to the medical department, of having suffered any pain or of claiming any accident as a result of the February 8 incident. The cost of any medical attention furnished claimant was defrayed by Mutual Aid funds, a benefit not available to compensation cases. During the course of his illness claimant was paid wages from a sick pay plan maintained by the employer for any kind of disability of its employees. We find no evidence in the record, other than claimant's testimony, that the employer knew that claimant had suffered, or claimed to have suffered, any accident or employment-connected injuries at any time until the written claim

was filed. The great weight of evidence is that no benefit, medical or payment of wages, was furnished by the employer with any knowledge that it had any relation to a compensable claim. Claimant's credibility was exclusively a question for the board to determine. The board has found: "3. There is no indication that treatment rendered by the employer was with knowledge that it was for a compensable injury and the treatment rendered cannot be considered an advance payment to waive the bar of Section 28 of the Law." At best a question of fact was presented, and there is substantial evidence to support such a finding and the decision of the board disallowing the claim. (*Matter of Lombardo* v. *Endicott Johnson Corp.*, 275 App. Div. 18.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.