■ In the Matter of the Claim of JOSEPH COLANGELO, Respondent, v. B. S. McCAREY COMPANY et al., Respondents-Appellants, and FORGE CONSTRUCTION CO., INC., et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. Claimant, who is a mason, suffers from a herniated disc, 50% liability for which has been charged against appellant B. S. McCarey Co. for an accident July 21, 1955; and 50% against appellant Forge Construction Company for an accident June 3, 1957. Quite different problems arise in each case. In the first case there is not much question about the accident in which a scaffold fell and claimant fell on his back, but the issue is whether medical treatment afforded by the employer constituted an advance payment of compensation sufficient to waive the bar of section 28 of the Workmen's Compensation Law. The record shows that after the scaffold fell in July, 1955, claimant's foreman told claimant to go to a physician. This is testified to by the claimant; and it is fully corroborated in detail by the foreman himself. The foreman testified: "Well, when the claimant fell and got hurt, I said to him, 'Do you want a doctor?' 'No,' he said, 'I want to sit here and take it easy for a while.' I said to him before he left, 'Go to a doctor. Compensation will take care of it.' I said, 'any man that is hurt on a job that I am supervising on automatically goes to a doctor, no matter how bad it is.' By the Referee: Q. are you authorized by B. S. McCarey to send injured employees to doctors? A. That is strict orders. Q. That is part of your instructions? A. That is part of my instructions. He can go to a doctor, any doctor prescribed by the injury." · There is undisputed proof that the claimant did go to a physician; including the physician's testimony on this. The physician's delay in reporting is not here attributable to claimant. Even though the usual medical care which is regarded as an advance payment of compensation is one in which the employer directly retains the physician, or the physician or nurse is in the general employment of the employer, it seems clear that within the intent of the statute, a direction to a claimant to get medical care, which he literally follows, and as a result of which medical care is actually given, can also constitute furnishing of medical treatment (cf. *Matter of Lombardo* v. *Endicott Johnson Corp.*, 275 App. Div. 18, 22; *Matter of Salemi* v. *Farrand Optical Co.*, 302 N. Y. 837). In the claim against the Forge company, the issue is whether there is substantial evidence that an accident occurred. Claimant testified he was laying brick; that he stooped over to pick up a brick, and as he did so he felt a sharp pain. This was a definite physical event and occurrence, and there is medical opinion in the record that the events described "could bring on a ruptured disc." (*Matter of Ussach* v. *Carolee Shops*, 282 App. Div. 902). Award unanimously affirmed as to each appellant, with costs to the Workmen's Compensation Board.