In the Matter of the Claim of PAUL E. GEIGER, Respondent, *v.* BELL AEROSYSTEMS Co. DIVISION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 1, 1967.

*Williams, Williams, Volgenau & Tisdall (Paul D. Williams* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* and *Morris N. Lissauer* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. P., On April 16, 1966 the claimant was at work and bumped his forehead in the course of the employment. As a result of this accident he broke a lens in his eyeglasses and filed a claim for the bill for the replacement thereof. The insurance carrier refused to pay the bill and contends that the device was not required as the result of an injury to the claimant's body and, therefore, it is not compensable.

The record contains no evidence of any bodily injury as a result of the accident and the claim is solely for property damage to the eyeglasses. (Cf. *Matter of La Rose* v. *Hof,* 28 A D 2d 185.)

Subdivision (a) of section 13 of the Workmen's Compensation Law (all statutory references hereinafter are to this consolidated law unless otherwise specified) provides in part as follows: "The employer shall * * * provide for an *injured*

*employee* such medical * * * eye-glasses, false teeth * * * as the nature of the injury or the process of recovery may require." (Emphasis supplied.)

The board found that the breaking of the eyeglasses constituted an accidental injury and the issue here is whether or not an injury solely to such a device may constitute a compensable injury as a matter of law.

The case of *Matter of La Rose* v. *Hof* (*supra*) deals with a situation where the employee concededly suffered bodily injuries and does not reach the present issue of whether or not this claimant suffered an " injury " within the meaning of the Workmen's Compensation Law.

Section 10 provides that the employer must secure compensation for his employees' " disability or death *from injury* " (emphasis supplied). Section 11 provides that the Workmen's Compensation Law with certain exceptions is the exclusive remedy for damages for an employee's " injury ". Subdivision (a) of section 13, as set forth above, refers to an " injured employee " and the " nature of the injury ". Throughout this law there are references to the word " injury ", but no definition of what an injury is other than found in subdivision 7 of section 2 where it is defined as meaning only " accidental injuries " and their consequences.

It is urged by the appellants that the law was not intended to provide coverage for personal property of employees. The provision for prosthetic devices (§ 13, subd. [a]) states that coverage for such items be for those " resulting from and necessitated by the injury of an employee ". Had the Legislature intended to provide compensation for broken glasses without attendant physical injury, or had it been intended that broken glasses alone would be the equivalent of a physical injury (considering glasses to be a part of the body) such coverage could explicitly have been set forth in the statute (see Volunteer Firemen's Benefit Law, § 11-a) and is not readily inferable giving the statute its most liberal intendment. The Senate memorandum alluded to by the board in its brief states that the devices are provided as " part " of the treatment to be given an " injured " employee. The section speaks of the injury, not of the accident, and in the present circumstances there is no proof of any accidental *injury* as found by the board.

In sum, we determine that under the present Workmen's Compensation Law an accident to a medical device is not compensable unless the claimant suffers a physical bodily injury and an injury solely to a medical device does not constitute a bodily injury.

As to the contention by the Workmen's Compensation Board that failure to file a notice of controversy is a bar to raising the question of accident or injury or both, the omission, if such it be, under the circumstances, seems cured by the fact that the case proceeded through the hearing processes in usual fashion without objection and is apparently being raised for the first time in this court. Such a failure is not jurisdictional in nature.

The decision should be reversed and the claim dismissed.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.