■ In the Matter of the Claim of LUEGUSSIE ROBINSON, Respondent, v. HAMILTON AVENUE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance

carrier from a decision of the Workmen's Compensation Board on the grounds that the record does not contain substantial evidence to support the board's finding that claimant sustained a compensable accidental injury and that section 28 of the Workmen's Compensation Law did not bar her claim. The board found that section 28 was not a bar in the instant controversy since there had been an advance payment of compensation made by the employer through Dr. Heins, the owner of a one-half interest in the employer-hospital, who, with knowledge of claimant's accident shortly after it occurred, treated her for injuries resulting from said accident. Concededly, Dr. Heins treated claimant for her injuries and we must accept the board's conclusion that claimant told Dr. Heins as to the work connected source of her difficulties. However, to lift the bar of section 28 the medical services must have been performed in a manner to imply an acknowledgement or recognition of liability (*Matter of Schmitt* v. *Alpha Delta Phi Fraternity House*, 33 A D 2d 1082), and such is not established to be the case on the instant record. Rather, the only possible conclusion from the evidence is that Dr. Heins, whatever his interest in the employer, had been treating claimant regularly as a private patient for chronic back trouble since 1956 and that the services rendered in connection with the incident herein involved were performed solely as a medical practitioner treating a private patient from whom he expected compensation directly for his services (in fact subsequently he brought an action to recover payment for those services) and not as a representative of the employer. Accordingly, we find section 28 applicable and the claim must, therefore, be dismissed. We pass on no other issues raised. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.