■ In the Matter of the Claim of ANN RUSHFORTH, Respondent, v. ART LANDSCAPING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed November 24, 1970. On December 12, 1966, Arthur Rushforth, the president of the employer, Art Landscaping Co., Inc., was fatally injured when a truck in which he was hauling wine, collided with a train in Maspeth, New York. The issues involved are whether decedent was an employee of Art Landscaping Co., Inc., at the time of the accident and whether the accident arose out of and in the course of employment. The board found "that the decedent was employed by Art Landscaping Co., Inc., and that an employer-employee relationship existed between the decedent and Art Landscaping Co., at the time of the accident on December 12, 1966", and that the "accident on December 12, 1966 arose out of and in the course of employment and resulted in his death". The question as to whether the relationship between the parties was one of employer and employee has been held to constitute " a finding of fact not subject to reversal as a matter of law" (*Matter of Denman* v. *Many & Zanetti,* 8 A D 2d 576, affd. 8 N Y 2d 799), when there is substantial evidence to support the finding. There being substantial evidence in the record here to support the determination of the board, its determination should be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.

■ In the Matter of the Claim of TONY MORALES, Respondent, v. WORLD MAR CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board which found that the claimant was totally disabled as a result of an accident arising in the course of his employment. The claimant was injured on *May 26, 1966.* The employer-employee relationship was established by the board's decision filed April 26, 1967. By decision dated October 5, 1970 (amended November 12, 1970) the board determined that the accident arose out of and in the course of employment. A notice of appeal — appeals had been noted but not perfected — was filed October 16, 1970. While the testimony in part was confusing and conflicting, considering the record in its entirety, there was substantial evidence to sustain the board's determination. Credibility is a question of fact for the board. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.