■ In the Matter of the Claim of ANNA L. HOLMES, Respondent, v. STUART MCCAMPBELL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed December 7, 1970. Claimant, a domestic servant, fell and sustained an injury to her hip in August, 1965 while picking flowers with which to decorate her employer's home. She did not seek medical treatment until December, 1965, did not actually begin to undergo treatment until January, 1966 and did not file a claim for compensation until September, 1967. The board, finding that claimant received wages during absences because of the injury with knowledge by the employer of such absences and that she received medical care at the employer's instruction, concluded that advance payment was established and the bar to compensation for failure to file the claim within the two-year statutory period was removed. To support a finding that the bar of section 28 of the Workmen's Compensation Law has been lifted, wages must be paid to a disabled employee and the circumstances of the payment must be such as to imply an acknowledgment or recognition of liability (*Matter of Schmitt* v. *Alpha*

*Delta Phi Fraternity House,* 33 A D 2d 1082, mot. for lv. to app. den. 27 N Y 2d 481; *Matter of Buxbaum* v. *Cumberland Provision Co.,* 14 A D 2d 425, app. dsmd. 12 N Y 2d 670; *Matter of Lombardo* v. *Endicott Johnson Corp.,* 275 App. Div. 18). "The employer must make a gratuitous payment for something he did not get in the way of service." (*Matter of Lewis* v. *College Knitting Mills,* 37 A D 2d 1019; *Matter of Baker* v. *Standard Rolling Mills,* 284 App. Div. 433, 436.) The determination of this issue is factual and must be sustained if supported by substantial evidence (see *Matter of Pacer* v. *Graybar Elec. Co.,* 31 A D 2d 678). Substantial evidence to support the board's conclusion is here present. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Simons and Reynolds, JJ., concur.