In the Matter of the Claim of MADELINE P. HICKEY, Respondent-Appellant, v JAMES R. HANNA, INC., et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 26, 1975

*Fix, Spindelman, Relin, LoMonaco, Turk & Himelein (Richard S. LoMonaco* of counsel), for James R. Hanna, Inc., and another, appellants-respondents.

*Culley, Marks, Corbett, Tannenbaum, Reifsteck & Potter (Donald F. Potter* of counsel), for respondent-appellant.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. It is not disputed that the deceased employee was employed by the appellant employer on June 21, 1968. The record contains the testimony of his widow, a helper, and a coemployee as to the facts that in June of 1968 the decedent engaged in heavy lifting in the course of his employment; that he complained of shortness of breath and being sick; and that he continued with shortness of breath and chest pain until June 24, 1968, a Monday, when he was admitted to the hospital with a diagnosis of myocardial infarction. The record contains a document known as a credit slip which the employer's office manager testified was in the decedent's handwriting and which establishes that on June 21, 1968 the decedent did engage in the heavy lifting described by his widow and others. Despite the contrary assertions of the employer and its insurance carrier, the record contains substantial evidence to support the finding of the board that the claimant engaged in arduous effort and became sick and breathless while so engaged on June 21, 1968.

The record contains undisputed expert medical testimony that, as a result of the effort of June 21, 1968, the decedent suffered an accidental myocardial infarction and that the death on January 6, 1970 was causally related thereto. Accordingly, the board's finding that the initial infarction discovered on June 28, 1968 and the death on January 6, 1970 were causally related to the incident of June 21, 1968 is supported by substantial evidence.

The widow testified that her husband did not want to file a

compensation claim and she did not file one until June 27, 1971, or more than two years after the accident, for benefits which would have been payable during the decedent's lifetime. The employer and its insurance carrier have controverted the payment of those benefits upon the ground that the two-year period of section 28 of the Workmen's Compensation Law is a bar. The amended decision of the board filed November 16, 1973 held that the claim for such benefits was barred and the claimant appeals from that holding.

Initially, the widow contends that the board was without jurisdiction to amend its initial decision after an appeal had been taken by the employer and its insurance carrier. However, it does not appear that the amendment was prejudicial to those original appellants and it does not appear that it affected any substantial right of the widow since she was free to appeal from the adverse determination and has now done so.

The present record contains affirmative evidence that the employer continued to pay the decedent's salary for three or four months after his initial hospitalization and while he was totally disabled. The widow went on to testify that after the hospitalization the decedent's brother-in-law, who was also the employer's main operating officer, went to visit decedent at the hospital and that the decedent then told her that his employer had said not to worry about his job. The appellants on several occasions had been directed by the Referee to produce a company employee, Mr. McClain (MacLane), but, he was never produced. Of course, the salary was continued after the notice required by section 18 of the Workmen's Compensation Law was complied with by virtue of the information which the decedent gave a coemployee and the employer and carrier upon the appeal to the board raised no issue as to notice pursuant to section 18. The record contains no evidence of any reason for the continuation of salary by speculation or otherwise except in recognition of causality. Accordingly, the board's rejection of the proof establishing an advance payment of compensation benefits so as to waive the bar of section 28 is without any evidentiary support.

While the board could have rejected the widow's assertion of a continuance of salary upon credibility, it must be noted that the representative of the employer who could have testified in regard thereto did not appear at the hearings and the board in its decision makes no reference to credibility. In its brief

upon this appeal the board states that the amended decision did not make any factual changes in its findings, but was based upon the fact that "the record is completely devoid of any evidence establishing knowledge by the employer during 1968 that the decedent suffered an industrial accident or ever claiming that he had been injured at work." (Cf. *Matter of Elenz v American Mach. & Foundry,* 34 AD2d 713; see *Matter of Holmes v McCampbell,* 39 AD2d 624.)

Upon the present record, the sole inference available is that the employer paid wages during disability in recognition of causally connected liability. Accordingly, the amended decision of November 16, 1973 is not supported by substantial evidence or by the factual findings of the board.

Decision, as amended, insofar as it disallows the disability claim, should be reversed, with costs to claimant against the Workmen's Compensation Board, matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, and decision with respect to the death claim affirmed.

GREENBLOTT, KANE, MAIN and LARKIN, JJ., concur.

Decision, as amended, insofar as it disallows the disability claim, reversed, with costs to claimant against the Workmen's Compensation Board, matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, and decision with respect to the death claim affirmed.