■ In the Matter of the Claim of WILLIAM J. KASZAS, Respondent, v MONTICELLO CENTRAL SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 21, 1974, which found that the claim for compensation was not barred by section 28 of the Workmen's Compensation Law because the employer made advance payment of compensation. On this appeal, appellants claim that the appellant-employer did not continue payment of the claimant's wages or provide medical services under circumstances which constitute an advance payment of compensation under section 28 of the Workmen's Compensation Law. The claimant, a school teacher employed by appellant, Monticello Central School (hereinafter school) injured his knee on January 18, 1969 while playing in a basketball game between the faculty of the high school and the middle school, sponsored by the school to raise funds for school purposes. A claim for compensation was filed with the chairman in January, 1973. Claimant notified the principal of the school of the injury on January 24, 1969. Claimant was treated by Dr. Bloom who put claimant's leg in a cast. Claimant also reported the injury to the school nurse who filled out an undated C-2 form which was signed for the school by Rubin Pollack, then assistant to the superintendent of the school. Claimant also personally reported the accident to Pollack. Although the evidence is in conflict, there is substantial evidence to support the board's finding that Pollack, the school's then business manager with title of assistant to the superintendent, told claimant that probably he would not be eligible for workmen's compensation because his injury was not incurred in a 9:00 A.M. to 4:00 P.M. school activity and that claimant should apply for benefits under the school's State Health Insurance plan and the Blue Cross and Blue Shield would pay most of the bills. Claimant filed the appropriate application for benefits under the school Health Insurance plan with Blue Cross and Blue Shield. Claimant testified that Blue Cross and Blue Shield paid his hospital bill and medical bills according to the terms of the coverage which left claimant with portions of the hospital bill unpaid and

which remained unpaid at the time of the hearing. The board found that the appellant-employer had full knowledge of claimant's injury and that medical treatment was provided with its knowledge and claimant's salary was continued for lost time. The evidence establishing payment of claimant's salary for lost time was furnished by claimant who testified that he received his regular wages but those payments were charged against his accumulated sick leave time. Payments of wages to an injured employee which are solely credited to accumulated sick leave are not advance payments of compensation within the meaning of the Workmen's Compensation Law *(Matter of Rivard v New York State Police State Campus,* 46 AD2d 34). The board erred in treating the payment of claimant's wages under the circumstances as advance payment of compensation. The board's finding "the medical treatment was provided with this knowledge" is ambiguous and insufficient to warrant a conclusion that the employer furnished the medical services under circumstances amounting to advance payment of compensation. The board must determine exactly who furnished the medical treatment and under what circumstances. Furnishing medical care to an injured employee is considered an advance payment of compensation only when "made under such circumstances as to imply a knowledge of recognition of liability." *(Matter of Elenz v American Mach. & Foundry,* 34 AD2d 713, 714.) Claimant testified his hospital bill and doctor's bill were paid through the health and medical insurance plan established for all the employees. This insurance provided hospital and medical services for any illness or accident of an employee. In the undated C-2 form the employer in answer to question 18, "Did you provide medical care", answered "yes". When Pollack, the assistant to the superintendent who executed this C-2 form, was interrogated about this answer, he testified he had no knowledge about the furnishing of medical care, except that Dr. Bloom was not a school physician. Under the circumstances, remittal to the board is required for the purpose of such further proceedings as it may deem necessary and the finding of facts and rendering a new decision in regard to the furnishing of medical services. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Koreman, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.