In the Matter of the Claim of WILLIAM S. MCLAUGHLIN, Appellant, v LUDLOW VALVE COMPANY (BANNER INDUSTRIES) et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, November 9, 1978

## APPEARANCES OF COUNSEL

*William S. McLaughlin,* appellant *pro se.*

*Walworth, Harding, Welt & Stockton (Patrick J. Malone* of counsel), for Ludlow Valve Company (Banner Industries) and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

GREENBLOTT, J.

Claimant alleges that he was injured in a plane accident on December 11, 1967 while on his employer's business. The claim was filed on October 12, 1971. Claimant testified that he injured his arm and leg, lost his hat, broke his glasses, and ruined his suit as a result of the accident. He stated that shortly after the accident he notified his employer of both the accident and the injuries. The employer authorized payment to claimant for replacement of the suit, hat and eyeglasses, with the understanding that the company was to be reimbursed when the aircraft insurance company paid for these items. The issue raised by this appeal is whether Ludlow's payment of the eyeglasses constituted an "advance payment" so as to waive the failure of claimant to file his claim within two years after the accident.

Section 28 of the Workers' Compensation Law bars the right to compensation unless a claim therefor is filed within two years after the accident. It further provides that an untimely claim is not barred when "an advance payment is made to an employee" by his employer. The referee found that the payment made by the employer for the glasses constituted an advance payment and a waiver of section 28. The board reversed the referee's award of compensation and disallowed the claim, finding that the payment by the employer did not constitute an advance payment of compensation but was a payment for personal property loss.

Two factors must be present to satisfy section 28 of the Workers' Compensation Law: an advance payment of either wages or other compensable expenses, and the payment must be made in acknowledgment or recognition of liability (see *Matter of Kaszas v Monticello Cent. School,* 53 AD2d 940; *Matter of Hickey v James R. Hanna, Inc.,* 48 AD2d 349).

Claimant's contention that the payment made by the employer for the suit, hat and eyeglasses constituted advance payment of compensation was not given adequate consideration by the board. Subdivision (a) of section 13 of the Workers' Compensation Law, as amended in 1965 (L 1965, ch 925), provides that eyeglasses are compensable items. Moreover, we have held that loss of glasses themselves is only a noncom-

pensable personal property loss if it is unaccompanied by any physical injury (see *Matter of Geiger v Bell Aerosystems Co. Div.,* 28 AD2d 178). The board, therefore, incorrectly applied the applicable law.

The questions remaining for decision must be addressed by the board, i.e., whether the payment by the employer was made in acknowledgment of liability. Respondent contends that the employer authorized the payment with knowledge that it would be reimbursed from the airline insurance company, and that it was merely making a gratuitous loan to claimant for his "personal expenses" incurred during the accident. However, claimant submitted a letter to the board requesting reargument, and enclosed an affidavit of his employer, dated June 23, 1975, which stated that the payment for the glasses was not a mere payment of property loss but was intended as an advance payment of compensation. Nevertheless, on November 16, 1976, the board advised claimant that nothing new had been submitted to warrant reconsideration of its earlier decision.

The board's failure to consider the affidavit of June 23, 1975 requires reversal in the interests of justice.

The decision should be reversed, and matter remitted to the board for development of the record on the issues of the accident, notice and causal relationship, with costs to appellant against respondents filing briefs.

MAHONEY, P. J., LARKIN, MIKOLL and HERLIHY, JJ., concur.

Decison reversed, and matter remitted to the board for development of the record on the issues of the accident, notice and causal relationship, with costs to appellant against respondents filing briefs.

[See amd decision 67 AD2d —, Feb 22, 1979.]