■ In the Matter of the Claim of JOHN J. QUINN, Appellant, v STATE OF NEW YORK, DEPARTMENT OF LAW, et al., Respondents, and SPECIAL FUND

FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from (1) a decision of the Workers' Compensation Board, filed January 23, 1975, which disallowed a claim for compensation, and (2) a decision of the Workers' Compensation Board, filed May 24, 1978, which denied claimant's motion to make additions to the record. Claimant, who is now blind, alleges that he sustained an injury to his eyes, which ultimately resulted in the blindness, while lifting a typewriter out of the lower drawer of a file cabinet in April, 1957, when he was employed by the New York State Attorney-General as an Assistant Attorney-General. A claim for compensation was not filed until April 29, 1972, but claimant contends that he gave his employer the notice required by section 18 of the Workers' Compensation Law, and that the employer made an advance payment of compensation thereby tolling the two-year Statute of Limitations for the filing of claims (Workers' Compensation Law, § 28). In particular, claimant testified as follows: The accident occurred on a Friday shortly before the end of the workday and, when he returned to work the following Monday he visited and was treated by a doctor employed by the Workers' Compensation Board who worked in the same building as claimant. Shortly thereafter, he reported the accident to his supervisor, and during the intervening years between the date of the accident and 1963 when he left his employment, he took a number of days of sick leave for his eye problems and was paid by his employer. Claimant's supervisor testified that he had no recollection of claimant reporting an accident and that while he was aware that claimant had taken sick leave for an eye problem, he did not know that the eye problem was due to a work-related accident. Moreover, it was established that claimant's personnel file contained no report of an accident and, although claimant sought to establish the possibility that such a report might have been lost or misplaced, he conceded that he did not recall filing a written report. The board found that claimant's claim for compensation was barred by his failure to file the claim within two years of the date of the injury as required by section 28 of the Workers' Compensation Law. On this appeal claimant raises several issues, which we find to be without merit. Initially, we note that the record establishes that the employer and carrier raised the issue of timeliness at the first hearing and at each subsequent hearing for which there is a transcript. Next, while medical services provided by the employer qualify as advance payment, they must have been performed in a manner to imply acknowledgment or recognition of liability on the part of the employer (*Matter of Robinson v Hamilton Ave. Hosp.,* 34 AD2d 1059). Thus, advance payment has been found where first aid treatment was rendered to the employee (*Matter of Brooks v Semet Solvay Div., Allied Chem. & Dye Corp.,* 9 AD2d 592) and where claimant was directed to get medical care (*Matter of Colangelo v McCarey Co.,* 13 AD2d 592, mot for lv to app den 9 NY2d 613), but there must be knowledge by the employer that the medical services were provided in relation to a compensable injury (*Matter of Drab v Consolidated Edison Co.,* 11 AD2d 861). Here, claimant was neither directed to get medical care by the employer nor was he treated by the employer's doctor, nor did the employer pay for any of claimant's medical treatment. In addition, the sole evidence that the employer had any knowledge of the accident is claimant's testimony that he reported it to his supervisor. This testimony is contradicted by the supervisor and by the lack of any report in claimant's personnel file. Accordingly, the issue of the employer's knowledge turns on the question of credibility which was for the board to resolve (see *Matter of Morales v World Mar Corp.,* 37 AD2d 885). Similarly, advance payment has been found

where the employer paid the claimant's wages during absences, but the circumstances of the payment must also be such as to imply an acknowledgment or recognition of liability (*Matter of Holmes v McCampbell,* 39 AD2d 624). Based upon the foregoing, it is readily apparent that there is substantial evidence in the record to support the board's finding that there was no advance payment within the meaning of section 28 and that the claim was, therefore, barred. Claimant's contention that the board erred in denying his motion to add certain documents to the record must be rejected. All but one of the documents are irrelevant to the question of the employer's knowledge of the accident, and the authenticity of the remaining document is highly suspect in light of claimant's failure to refer to it during the hearings and the absence of a copy in his personnel file. We also reject claimant's contention that he was somehow deprived of his right to counsel by section 24 of the Workers' Compensation Law, which requires board approval of attorney's fees. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.