■ In the Matter of the Claim of ANITA ROMANO, Respondent, v FRANKLIN GENERAL HOSPITAL et al., Appellants, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed September 15, 1983, as amended by decision filed May 23, 1984.

Claimant, a medical record technician, was involved in an auto accident in the employer's parking lot. She continued to work until the next day, when, after complaining to her supervisor of neck and back discomfort, she was treated by an orthopedist in the employer's emergency room. Her condition was diagnosed as cervical myositis. An attending physician forwarded a C-4 medical report (attending physician's supplementary report, dated July 13, 1976) to the Workers' Compensation Board, which noted the nature of claimant's injury and requested authorization for continued physical therapy treatments at the employer hospital. On July 13, 1976, the employer sent a bill to

its carrier for therapy rendered to claimant. The carrier forwarded this bill to the Board requesting referee adjudication and, in a separate notice, controverted claimant's right to compensation. Thereafter, the employer notified the Board that claimant had been terminated October 5, 1976 for failure to return to work. In the meantime, the case was closed on October 1, 1976 pending the outcome of third-party litigation and not reopened until September 24, 1981, at which time the carrier urged that the claim be disallowed pursuant to Workers' Compensation Law § 28 for failure to timely file. The Board determined that the "employer had timely notice of claimant's accident and that the report of Franklin General Hospital, dated 07/13/76 (C-4) is evidence of employer's advance payment of compensation, and, that Section 28 does not bar the claim".

On this appeal, the employer and its carrier contend that the mere filing of a C-4 medical report neither constitutes the filing of a claim nor an advance payment of compensation within the meaning of Workers' Compensation Law § 28 (*see, Matter of Bielat v Alco Prods.*, 28 AD2d 747). In our view, this argument misconstrues the Board's decision. The Board did not equate the filing of a C-4 report with a Workers' Compensation Law § 28 waiver, but simply considered that document along with all the other pertinent circumstances in making its determination. To establish a waiver, all the circumstances attendant to the payment of wages or other compensable expenses must indicate an acknowledgement or recognition of liability (*Matter of Rossini v Arcade Cleaning Corp.*, 79 AD2d 779, 780; *Matter of McLaughlin v Ludlow Valve Co.* [*Banner Inds.*], 64 AD2d 305). The issue is one of fact for Board resolution.

Here, medical services provided to claimant were clearly in the nature of advance compensation (*see, Matter of Brooks v Semet Solvay Div., Allied Chem. & Dye Corp.*, 9 AD2d 592; *Matter of Colangelo v McCarey Co.*, 13 AD2d 592, lv denied 9 NY2d 613). Claimant was treated by an affiliated physician in the employer's emergency room and underwent at least 25 physical therapy treatments at the employer hospital. Significantly, the employer did not seek compensation directly from claimant but submitted the bill to its carrier. The record further demonstrates that the employer was cognizant that claimant's injury was work related at the time medical care was provided (*cf. Matter of Drab v Consolidated Edison Co.*, 11 AD2d 861). Although claimant failed to file a timely formal claim for compensation, there is substantial evidence in the record to support the Board's determination that the medical care provided amounted to an advance payment and constituted a waiver of

the requirements of Workers' Compensation Law § 28 (*see, Matter of Smith v City of New York,* 23 AD2d 608, *lv denied* 16 NY2d 485).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.