■ In the Matter of the Claim of JENNIFER MIREILLE LAVIGNE, Appellant, v PERU CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [919 NYS2d 237]—

Peters, J.P. ■

Claimant, a teaching assistant for the Peru Central School District, was injured on January 3, 2003 when she suddenly fell to the classroom floor. Although no one witnessed the incident, the principal of the middle school heard claimant fall and subsequently found her on the floor "having seizure activity" and "choking." The school nurse was notified and, when she arrived, she applied an ice pack and checked claimant's blood pressure and pulse rate. Claimant thereafter was taken by a wheelchair to the nurse's office until emergency paramedics arrived and transported her to the hospital.

In August 2005, claimant applied for workers' compensation benefits as the result of the January 2003 incident. Although the claim had been filed more than two years after claimant's fall, following a hearing a workers' compensation law judge ultimately established the claim, finding that the provision of medical treatment by the employer waived the two-year filing requirement of Workers' Compensation Law § 28. On appeal by the employer and its workers' compensation carrier, a majority of the Workers' Compensation Board affirmed. Upon the mandatory full Board review, the Board reversed and disallowed the claim as untimely. Claimant now appeals.

We affirm. Workers' Compensation Law § 28 provides that a claim which is not filed within two years of the date of the accident is time-barred. This time limitation is waived, however, if the employer or its workers' compensation carrier provides an advance payment of compensation in the form of wages or medical treatment in recognition of liability (*see Matter of Zucker v Port Auth. of N.Y. & N.J.*, 57 AD3d 1249, 1250 [2008]). Although, as relevant here, "[a] furnishing of medical services by the employer sufficient to constitute an advance payment of compensation can be made out from first-aid treatment rendered at the time of the accident" (*Matter of Brooks v Semet Solvay Div., Allied Chem. & Dye Corp.*, 9 AD2d 592, 592 [1959]), the medical services "must have been performed in a manner to imply acknowledgment or recognition of liability on the part of the employer" (*Matter of Quinn v State of New York*, 70 AD2d 670, 671 [1979]; *see Matter of Romano v Franklin Gen. Hosp.*, 108 AD2d 971, 972 [1985]).

Here, the Board's determination that the first aid performed by the principal and the school nurse was not made in recognition of the employer's liability is supported by substantial evidence. The principal testified that he was not a witness to claimant's fall, only that he heard a thud and found claimant on

the floor. The record reflects that the first aid administered by the principal was limited to turning her head to the side when he realized claimant was having trouble breathing. The nurse similarly testified that she did not see claimant fall and was unaware of how claimant had been injured. Further, the nurse stated that she was only concerned with claimant's well-being that day and did not consider whether her injuries were work-related. Inasmuch as there is no evidence that the first aid administered to claimant by the principal and the nurse was in recognition of any employer liability for the injuries, we will not disturb the Board's determination that Workers' Compensation Law § 28 bars the claim (*see Matter of Zucker v Port Auth. of N.Y. & N.J.*, 57 AD3d at 1250; *Matter of Firenze v Mayflower Van Lines*, 34 AD3d 966 [2006]; *Matter of Drab v Consolidated Edison Co. of N.Y.*, 11 AD2d 861, 862 [1960]; cf. *Matter of Brooks v Semet Solvay Div., Allied Chem. & Dye Corp.*, 9 AD2d at 592-593).

Spain, Rose, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.