In the Matter of the Claim of EMMA ACKER, Respondent, against BUFFALO FORGE COMPANY et al., Appellants, and ATLAS STEEL CASTINGS Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. For some years claimant's husband worked as a sand blaster for Atlas Steel Castings Co. In July, 1944, he became ill and stopped work. There is proof that in this work he contracted silico-tuberculosis, an occupational dust disease. In September, 1944, he went to work for a short time for appellant Buffalo Forge Company. In his disability claim the employee himself said he "made an effort" to work in this period. On October 2, 1944, he became totally disabled from the dust disease and on March 13, 1945, he filed a claim against Atlas for compensation for this disease. He died July 24, 1946. His wife filed a claim against Atlas November 1, 1946. On application of Atlas, the appellant Buffalo Forge, the last actual employer of the deceased, was brought into the proceeding on May 6, 1947. No claim was ever made by decedent or his wife against Buffalo Forge. Claimant's attorney expressly disavowed any responsibility for such a claim. He said at one hearing that the present claimant did not "initiate" the proceeding against Buffalo Forge. At another hearing he said "What is the basis of that claim or the papers that have to be filed? I don't know. It's entirely outside the scope of my responsibility to the claimant widow." Almost five years after the disability and over three years after the death of the employee, the board amended the claims filed, solely against Atlas, "to read against" the Buffalo Forge Company and to eliminate Atlas. The board had no power to amend the claims as asserted by claimants so as to direct them to "read against" an employer not the object of any claim asserted by claimants. A claim is made, not by the board, but by a claimant. Assuming the power existed, its exercise on June 16, 1949, was the assertion of entirely new and different claims and was too late to breathe life into the claims which had long expired as far as appellants are concerned. (Workmen's Compensation Law, § 28.) The giving of notice could well have been waived on the record before the board, as it was, but the timeliness of an asserted claim has certainly not been waived nor has there been any finding by the board of facts within the statute to constitute such a waiver. The decision and award are reversed and the case remitted to the board for determination on the claims as filed by the claimants, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur.