■ In the Matter of the Claim of JOHN R. STEIN, Respondent, against WILLIAM WEINBERGER, Doing Business as JOHN'S BAR AND GRILL, et al., Appellants, et. al., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award made to claimant by the Workmen's Compensation Board. In 1948, while working as a bartender for his employer, Weinberger, claimant became disabled from an occupational right

inguinal hernia and on August 25, 1948, filed a claim against the employer for disability resulting from the hernia. An award was made to him and paid and in 1949 the case was marked closed. In 1950, the case again appeared upon the calendar and a further award was made and paid. During part of 1950, claimant worked for one Dolce as a bartender. On July 31, 1950, he filed a claim against Dolce for Dupuytren's contracture of both hands. It developed upon the hearing that this ailment was contracted prior to his employment by Dolce and no award was made. Claimant then applied to reopen his hernia claim and amend it to include a claim for Dupuytren's contracture. On October 2, 1951, the board reopened the claim and made an award against the employer, Weinberger, finding that the date of disablement from Dupuytren's contracture was August 25, 1948. Insofar as here pertinent section 28 of the Workmen's Compensation Law provides: " The right to claim compensation * * * shall be barred, * * * unless within two years after the accident * * * a claim for compensation shall be filed with the chairman ". The disablement occurred on August 25, 1948 and no claim for Dupuytren's contracture was filed against the employer, Weinberger, within two years thereafter. The sole issue is whether in these circumstances the claim for the hernia disablement filed against the employer, Weinberger, may be amended to include a claim for Dupuytren's contracture after the elapse of the two-year period. Had no claim been filed against the employer, Weinberger, within the two-year period, claimant would be barred by this statute. " Failure to file a claim for compensation within the statutory period cannot be excused by an argument that the employer was not harmed by the lateness of the filing. Like any statute of limitations, this one carries a conclusive presumption that a defendant is prejudiced by reason of the enhanced difficulty of preparing a defense." (2 Larson on Workmen's Compensation Law, § 78.30.) Claimant may not accomplish indirectly what he is prevented from doing directly. The board has no power after the elapse of two years to amend a claim to include an entirely unrelated and different condition from that originally claimed. (*Matter of Acker* v. *Buffalo Forge Co.*, 278 App. Div. 988.) Decision and award reversed and claim remitted to the board. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See *post*, p. 928.]