In the Matter of the Claim of JOHN SWOTA, Appellant, against EDDY VALVE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board which disallowed his claim for failure to timely file the claim within the provisions of section 28 of the Workmen's Compensation Law. The claimant worked in the foundry industry as a molder and he retired therefrom on July 30, 1950. He had begun to cough and feel weak and tired around 1947. After retirement he felt worse and in 1954 X rays were taken of his chest. He was first told that the condition of his lungs was due to his work by his doctor in July, 1955. On August 17, 1955 the claimant filed a claim for compensation. The Referee disallowed the claim finding that the disability had not resulted within two years of the last exposure. The board affirmed but modified the Referee's decision by finding that the silicosis condition was contracted within two years of the date of last exposure but that the claim had not been timely filed under section 28. The claimant-appellant argues that his claim was timely filed inasmuch as it was filed within 90 days after he discovered he was suffering from the disease. The respondents argue that this 90-day provision does not apply to silicosis cases and that such a claim must be filed within the general two-year provision of section 28. The claimant contends that the time limit for filing claims of two years which is set up in section 28 should apply only to accidental injuries and that the provisions of section 40, specifically the last sentence thereof, should be looked to in a case of occupational disease. This argument does not appear to be sound, for although section 28 speaks of filing the claim "within two years after the accident" it must be remembered that under section 38 the date of disablement in an occupational disease case is treated as the happening of an accident (*Matter of De Tura* v. *Eastern Meat Markets,* 3 A D 2d 486). Section 40 as it was originally enacted dealt only with the time limit within which disablement had to occur after the contraction of the disease. Section 40 was amended in 1947 to provide that in all cases the time limit should not apply to an employee who became disabled in the same employment in which he contracted the disease and it also excepted certain slow-starting diseases. The last sentence of section 40 was then added which provided that "in such cases"

the two-year period of section 28 for the filing of the claim should not apply provided the claim was filed within 90 days after disablement and after knowledge that the disease was due to the nature of the employment. It seems clear that the phrase "in such cases" refers to the cases where disablement occurs in the same employment where the disease was contracted and in the case of the diseases specifically enumerated therein and not to all occupational diseases. Previous to this 1947 amendment of section 40 there can be no question that section 28 set up the time limitation for the filing of claims in occupational disease cases and it is obvious that the last sentence of section 40 added in 1947 only excepted the specific cases enumerated in section 40 from the operation of the two-year period of section 28. This interpretation is given further weight by the fact that section 28 was amended by the same chapter of the Laws of 1947 as was section 40 (L. 1947, ch. 624). This amendment to section 28 set forth the same diseases enumerated in section 40 and provided that the two-year period for filing was not to bar such claims provided the claim was filed within 90 days of disablement and knowledge that the disease was caused by the employment. Clearly if all occupational diseases were to be excepted from the two-year period of section 28 it would have been so stated but only certain named occupational diseases were so excepted. The claimant further argues that because a comma appeared after the words "lung changes" in the Governor's message concerning the amendments of 1947 that therefore silicosis was intended to be included in the enumerated diseases. This comma after "lung changes" does not appear in either sections 28 or 40. There are other sections of the Workmen's Compensation Law dealing specifically with silicosis and other dust diseases and if the Legislature had meant to include it in the exceptions to section 28 it would certainly have referred to it specifically. Several cases refer specifically to section 28 in silicosis cases (*Matter of Acker* v. *Buffalo Forge Co.,* 278 App. Div. 988; *Matter of Roman* v. *Leviton Mfg. Co.,* 285 App. Div. 918). The latter case is analogous to the present case. There the claimant left work in 1946, was treated for tuberculosis and a diagnosis of silicosis was not made until 1950 when a claim was filed. Although the claim was filed within 90 days after knowledge that the condition was caused by his employment the board held that the claim was barred under section 28 since it was not filed within two years. We conclude that the board has correctly decided that the claim herein was barred under section 28 because it was not timely filed. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.