■ In the Matter of the Claim of ALIZA FLOOM, Respondent, v HARFRED OPERATING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workmen's Compensation Board, filed January 31, 1974, and a supplemental decision filed May 9, 1975, which reversed a referee's decision and allowed the claim. The claimant, who was employed as a clerk for two years, worked in a private air-conditioned office. Starting in March, 1972 and continuing until she left this employment in October, 1972 due to illness, she worked about one third of the time in a room designated by her employer as a receiving and shipping area for furs, which was about 100 by 100 feet and was also air-conditioned. Claimant contended that she sustained a compensable accidental injury caused by exposure to drafts and cold from her employer's air-conditioning apparatus in the receiving area. After hearings, the referee found claimant had not sustained an occupational disease or an accident within the meaning of the Workmen's Compensation Law, and disallowed the claim. On appeal, the board found (with one member dissenting) that claimant had sustained an accidental injury arising out of and in the course of her employment, reversed the referee's decision and allowed the claim. On this appeal appellants claim that the board's decisions that claimant sustained an accidental injury are not supported by substantial evidence. We agree. In its first decision the contentions of the claimant and the testimony of Mr. Balsam of the employer were discussed, but no findings were made. There was merely a reference to *Matter of Pessel v Macy & Co.* (40 AD2d 746); but this is not a *Pessel* case. In *Pessel* the board found that "the sudden, irregular icy blasts constituted a situation different from that occurring where the work environment is one of constant and continuous exposure to steady cold". The claimant here does not describe sudden or irregular icy blasts nor does she allege that she was exposed to drafts. On the contrary, she merely alleges a continuous exposure to cold which the *Pessel* case indicated was not an "accident" within the meaning of the law. Recognizing its deficiency, the board supplemented its decision on May 9, 1975 and found that the claimant was subjected to an inconsistent temperature environment. Again the board cites and relies on *Pessel* and quotes Mr. Balsam as saying that while it was 75 degrees in the office, due to its size it was a few degrees colder in the inventory control area and that he attributed that to the vagaries of the distribution of the air-conditioning system. Using and quoting this sentence, the board finds that the claimant was subjected to an inconsistent temperature environment which resulted in an accident arising out of and in the course of her employment. It is common knowledge that a central air-conditioning system will and does create slight variations in room temperatures depending upon the size of the room and its location. The statement of the claimant's physician Dr. Hartman that claimant was "working under large ventilators" and "was placed exactly under a draft produced by the full power of the air conditioner" simply cannot be found in the record. There is no such testimony by anyone, nor did the board make such a finding. There is no medical testimony to support the fact that claimant's physical condition was caused by the alleged inconsistent temperature. There is no proof that the alleged accident (inconsistent temperature) caused an injury. Upon the entire record the board's finding and award are not supported by substantial evidence and should be reversed and the claim dismissed. (See *Matter of Snir v Mays, Inc.,* 19 NY2d 373; *Matter of Pessel v Macy & Co., supra.)* Decisions reversed, and claim dismissed, with costs against the Workmen's Compensation Board. Sweeney, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.