■ In the Matter of the Claim of FRANKLIN K. JONES, Respondent, v JOHN W. COWPER CO. INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 27, 1979. On April 26, 1973, claimant was involved in a work-related accident. The record indicates that on April 27, 1973, an "Employer's Report of Injury" was filed with the board and specified only an injury to claimant's left foot. On May 17, 1977, over four years from the date of the accident, a claim for compensation was filed for injuries to claimant's left ankle and his back. Appellants did not contest the occurrence of the accident, nor the claim as to the left foot injury. However, they did contest the claim as it pertained to claimant's back injury. On March 5, 1979, a referee rendered a decision which allowed a claim for the foot injury, but disallowed compensation for the claimant's back injury since timely notice of that claim was never made. On December 27, 1979, the board modified the referee's decision holding that the requisite notice and causal connection were established for claimant's back condition. This appeal ensued. The sole issue on this appeal is whether claimant's original notification and claim for compensation which was limited to his left foot injury and which appellants concede was timely filed, may be amended to include a claim for a back injury after the lapse of four years. Section 28 of the Workers' Compensation Law states, in pertinent part: "The right to claim compensation * * * shall be barred * * * unless within two years after the accident * * * a claim for compensation shall be filed with the chairman". In the instant case, no claim was filed with respect to claimant's back injury until well after the statutory period. Thus, since the board is without power to amend a claim after the lapse of two years to include an unrelated condition from that originally claimed, the board's decision must be reversed (see Matter of Stein v Weinberger, 1 AD2d 707, 708, mod 1 AD2d 928). Decision reversed, with costs to the employer and its insurance carrier against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.