■ In the Matter of the Claim of ARTHUR EMERSON, Appellant, v AMERICAN BROADCASTING COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J.

Claimant was employed by American Broadcasting Company when, on March 4, 1980, while in the course of his employment, he fell from a loading dock and fractured his right heel. Claimant received compensation for this injury. On June 24, 1983, claimant filed a claim for benefits for an injury to his left knee, alleging that such injury was an indirect result of the March 4, 1980 accident. The case was restored to the calendar and a hearing was held. The Workers' Compensation Board held that the claim was untimely since it was not filed within two years after the accident and it was not related to the initial injury. This appeal by claimant ensued.

Workers' Compensation Law § 28 provides that "[t]he right to claim compensation under this chapter shall be barred * * * unless within two years after the accident * * * a claim for compensation shall be filed". Here, while the claim for the broken right heel was filed within two years after the accident, the claim for the injury to the left knee was not. The Board held that the knee injury was unrelated to the heel injury such that the claim could not be amended to include the later injury. This court has held that a claim cannot be amended to include an unrelated injury to avoid the two-year limitation period (see, Matter of Jones v Cowper Co., 80 AD2d 685; Matter of Stein v Weinberger, 1 AD2d 707, 708, mod 1 AD2d 928). In these two cases, however, the second injuries were clearly unrelated to the first. In the instant case, claimant testified that the injury to his right heel threw off his gait, thereby causing the injury to his left knee. Three forms completed by claimant's physician, a C-48, a C-4 and a C-27, indicate that the doctors agreed that the initial injury was a competent producing cause of the current injury. No medical proof in opposition was offered. In our view, since the only medical proof in the record supports claimant's position, the Board's decision that the knee injury was unrelated to the prior heel injury is not supported by substantial evidence. At this point in the proceeding, the substantive issues of accident, notice and causal connection are not at issue. All that is at

issue is the limited question of whether, for the purpose of Workers' Compensation Law § 28, the second injury is sufficiently related to the initial injury such that the claim for the second injury is not time barred. Since the only competent proof on this issue in the record indicates that it was, the Board's decision to the contrary must be reversed.

Decision reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.