■ In the Matter of the Claim of AARON WILLIAMS, Respondent, v EDWARD BOLL et al., Doing Business as ED & J BOLL PAVING, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 30, 1990, which ruled that claimant sustained a causally related disability and awarded workers' compensation benefits.

We reject the employer's contention that the Workers' Compensation Board erred in determining that claimant's disability was due entirely to the back injury he suffered while working at his last job as a blacktop laborer. Compensation is not solely dependent on proof that the last accident caused or aggravated a preexisting injury; rather, it is enough if the job acted upon the prior condition in such a way as to cause a disability which did not previously exist *(see, Matter of Di Fabio v Albany County Dept. of Social Servs.,* 162 AD2d 775; *Matter of Pezzolanti v Green Bus Lines,* 114 AD2d 553). Although claimant in this case had two prior surgeries to his back, he was able to continue and function in his job subsequent to those surgeries. While there was medical testimony in the record causally relating the prior surgeries to claimant's present disability, the Board was free to accept those portions of the medical testimony it found credible *(see, Matter of Ham v Rumsey Sheet Metal,* 125 AD2d 810). We also find no error in the Board's refusal to apportion responsibility for the disability between the last injury and the two prior surgeries. As the Board noted, claimant was able to continue working subsequent to those surgeries and it was only after the last injury that he was prevented from returning to his regular employment *(see, Matter of Carbonaro v Chinatown Sea Food,* 55 AD2d 756). Under the circumstances, the Board's determination is supported by substantial evidence and must therefore be upheld *(see, Matter of Kuczkowski v Bethlehem Steel Corp.,* 90 AD2d 612, *affd* 58 NY2d 946).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.