■ In the Matter of the Claim of RICHARD KOZLOWSKI, Appellant-Respondent, v HOWARD SOBER, INC., et al., Respondents-Appellants, and LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [650 NYS2d 902] —Casey, J. Cross appeals from two decisions of the Workers' Compensation Board, filed April 3, 1995 and September 26, 1995.

Claimant, a truck driver, was injured in September 1981 while unloading a truck when a chain wrapped around his left hand and pulled him up and over the frame of the truck. During proceedings on claimant's 1981 application for workers' compensation benefits, injuries to his left hand, elbow and shoulder were noted. The case was closed with a schedule loss of the use of the left hand in October 1983.

A new claim was filed in July 1986 based upon severe cervical pain which claimant experienced following his exposure to motel air conditioning during a truck delivery. Claimant also sought to reopen and amend the 1981 claim to include the cervical pain as causally related to the 1981 accident. Following numerous interlocutory decisions and hearings, the Workers' Compensation Board rendered the decisions on appeal, concluding (1) that the 1986 incident and claimant's cervical pain constituted an accident and accidental injury within the meaning of the Workers' Compensation Law, and (2) that claimant's cervical pain which began in 1986 was due to axonal changes in the nerve root resulting from an injury to the neck in the 1981 accident, but (3) his 1981 claim could not be amended because of the two-year time bar contained in Workers' Compensation Law § 28.

Claimant and the employer's workers' compensation insurance carrier on the risk for the 1986 claim appeal. Claimant contends that the Board erred in concluding that he was barred from amending his 1981 claim. The carrier agrees with claimant's argument, and also contends that the 1986 incident was not an accident and the injuries from that incident did not arise out of and in the course of claimant's employment. We will consider the latter two arguments first.

We reject the carrier's argument that an accident within the meaning of the Workers' Compensation Law requires some element of suddenness or something catastrophic. "An accidental injury need not result suddenly or from the immediate application of some external force but may accrue gradually over a

reasonably definite period of time" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136). To succeed on his claim, claimant was required to show "unusual environmental conditions or events assignable to something extraordinary that caused an accidental injury" (*supra*, at 138). The carrier contends that claimant's mere exposure to the cooling effect of air conditioning is insufficient (*see, Matter of Floom v Harfred Operating Co.*, 52 AD2d 703).

The Board, however, found that after a very hot day of driving, "claimant sustained a posterior cervical sprain due to the cool draft directed at his posterior cervical region by the motel's air conditioning during his overnight stay on the road". There is substantial evidence to support the Board's conclusion that claimant's 1986 neck injury, resulting in severe cervical pain that did not previously exist and caused by claimant's exposure to unusual environmental conditions over a reasonably definite period of time, constituted an accidental injury within the meaning of the Workers' Compensation Law (*see, Matter of Pessel v Macy & Co.*, 40 AD2d 746, *affd* 33 NY2d 721). We also reject the carrier's contention that, as a matter of law, claimant's act of sleeping in a motel room while traveling for his employer was a purely personal act outside the course of his employment (*see, Matter of Capizzi v Southern Dist. Reporters*, 61 NY2d 50; *Matter of McKay v Republic Vanguard Ins. Co.*, 27 AD2d 607, *affd* 20 NY2d 884; *Matter of Schreiber [Revlon Prods. Corp.]*, 5 AD2d 207).

On the issue of the 1981 claim, the two-year time limit in Workers' Compensation Law § 28 bars amendment of the claim to include the 1986 neck injury unless the latter injury is related to the injuries included in the 1981 claim (*compare, Matter of Emerson v American Broadcasting Co.*, 124 AD2d 377, *with Matter of Jones v Cowper Co.*, 80 AD2d 685). The Board's decisions contain a detailed recitation of the relevant evidence presented by the parties, but the actual findings of fact are brief and lacking in detail. It is apparent, however, that despite finding an injury to claimant's neck in the 1981 accident, the Board concluded that the required nexus between the cervical pain that began in 1986 and the injuries actually claimed in 1981 was lacking.

The conclusion is supported by evidence in the record that the proceedings on the 1981 claim considered complaints concerning claimant's left hand, elbow and shoulder, culminating in a schedule loss of use of the left hand, and that no claim of serious cervical pain was made until the 1986 incident. Implicit in the Board's findings is the conclusion that the neck

injury sustained by claimant in the 1981 accident was dormant or asymptomatic prior to 1986 and, therefore, there was no relationship between the injuries encompassed by the 1981 claim and the severe cervical pain that began after the 1986 incident (*cf., Matter of Zanetti v Orange & Rockland Utils.*, 132 AD2d 761; *Matter of Terwilliger v Green Fuel Economizer*, 97 AD2d 572). Claimant and the carrier contend that the testimony of neurologist Robert Zwirecki established the necessary relationship between claimant's cervical pain and the injuries claimed in 1981, but the Board was free to accept or reject portions of the medical testimony on the basis of credibility (*see, Matter of Williams v Boll*, 184 AD2d 881). The decisions should be affirmed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.