■ In the Matter of the Claim of MORRIS PALEVSKY, Respondent, v NEW YORK CITY BOARD OF EDUCATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 991] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed January 17, 1996, which ruled that claimant's posttraumatic stress disorder was not barred under Workers' Compensation Law § 28.

On January 23, 1986, while working as an education associate at a school for emotionally disturbed children in the Bronx, claimant's nose was fractured as a result of a fight between students. He filed a claim with the Workers' Compensation Board (hereinafter the Board) on March 26, 1986 and, ultimately, was awarded compensation benefits for the 11-week period he was unable to work; the case was not closed, however, due to the pending issue of whether nasal surgery was authorized.

On October 9, 1992, claimant notified the Board that he was seeking compensation for an alleged consequential posttraumatic stress disorder and the New York City Board of Education (hereinafter the self-insured employer) raised the defense that Workers' Compensation Law § 28 barred claimant's recovery. After numerous hearings, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled, *inter alia*, that the claim was not time barred and amended claimant's award to include consequential posttraumatic stress disorder. Upon review, the Board affirmed the WCLJ's decision, holding that Workers' Compensation Law § 28 "does not apply to consequential injuries". The employer appeals, urging this Court to reverse the Board's decision.

Workers' Compensation Law § 28 provides that "[t]he right to claim compensation * * * shall be barred, except as hereinafter provided, unless within two years after the accident * * * a claim for compensation shall be filed with the chairman". The employer asserts that because neither of the statute's two exceptions to the two-year time requirement (*see, id.*) is applicable and because no exception is specifically delineated for consequential injuries, the Board was precluded from "creating" such an exception. It is clear, however, that when a

subsequent claim for disability compensation is related to injuries included in an earlier, timely claim, the two-year time limit set forth in Workers' Compensation Law § 28 does not bar amendment of the timely claim to include the latter injury (*see, Matter of Kozlowski v Howard Sober, Inc.*, 234 AD2d 725, 726; *Matter of Emerson v American Broadcasting Co.*, 124 AD2d 377; *cf., Matter of Jones v Cowper Co.*, 80 AD2d 685). Insofar as there is evidence in the record supporting the Board's finding that claimant's posttraumatic stress disorder was related to the January 1986 accident and because claimant unquestionably filed a timely claim for his nose injuries in 1986, we reject the employer's argument.

Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.