■ In the Matter of the Claim of BEULAH CRAWFORD, Respondent, v NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [683 NYS2d 652] —Appeal from a decision of the Workers' Compensation Board, filed June 2, 1997, which ruled that claimant's psychiatric condition was not barred under Workers' Compensation Law § 28.

On August 5, 1987, claimant sustained injuries while working as a dietary aide as a result of being stuck in the finger with a used hypodermic needle. Following an award of workers' compensation benefits to claimant based upon a finding that she sustained a scheduled loss of use of her left arm, the Workers' Compensation Board closed the case in November 1988. Thereafter, in March 1993, claimant's case was reopened to determine the existence of further causally related disability due to pain in her left hand which caused her to quit work. During the ensuing hearings when claimant asserted a claim for a consequential posttraumatic neurosis or "AIDS reaction phobia" resulting from the 1987 needle stick, the employer maintained that the two-year Statute of Limitations set forth in Workers' Compensation Law § 28 barred any recovery for consequential psychiatric conditions. The Board ultimately rejected the employer's assertion and affirmed the decision of the Workers' Compensation Law Judge directing that the issue of claimant's consequential psychiatric condition be addressed. The employer appeals.

We are unpersuaded by the employer's argument on appeal that this Court shouldrevisit its decision in *Matter of Palevsky v New York City Bd. of Educ.* (246 AD2d 836, *lv dismissed* 92 NY2d 877) and hold that the two-year time bar contained in Workers' Compensation Law § 28 applies to consequential injuries. Because evidence in the record supports the conclusion that a relationship exists between the subsequent claim for psychological injuries and the 1987 injury for which there was a timely claim, the two-year limitation period set forth in Workers' Compensation Law § 28 does not bar amendment of the timely claim to include the latter injury (*see, Matter of Palevsky v New York City Bd. of Educ., supra; Matter of Kozlowski v Howard Sober, Inc.*, 234 AD2d 725, 726; *Matter of Emerson v American Broadcasting Co.*, 124 AD2d 377).

Cardona, P. J., Mikoll, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.