■ In the Matter of the Claim of JAMES E. BRESSOR, Appellant, v MARRIOTT CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [726 NYS2d 787] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed June 16, 1999, which ruled that claimant's workers' compensation claim was untimely filed.

In January 1990, claimant, a revenue reporting clerk, began to experience seizures at regular monthly intervals. He subsequently realized that these seizures coincided with increases in his workload during the fourth week of each month when the employer "closed" its books. In October 1994, at the request of his treating physician, claimant was given a reduced workload and the seizures stopped until January 1995, when a co-worker resigned and her duties, as well as his own, were assigned to claimant. He again began to experience seizures which increased in frequency until he ceased working in April 1995, after the employer refused his request for a reduced workload. There is evidence in the record that claimant suffers from partial epilepsy related to a congenital neurologic condition and that the work-related stress may have played a role in triggering the seizures.

Claimant filed a claim for workers' compensation benefits in May 1995 and the employer timely raised the issue of whether the claim was barred by the two-year limitations period of Workers' Compensation Law § 28. The Workers' Compensation Board ultimately concluded that the seizure disorder was not an occupational disease and that, while an epileptic seizure disorder that becomes symptomatic due to a claimant's working conditions can constitute an accident, claimant's seizure

disorder became symptomatic in January 1990 when he first sought medical treatment for a seizure. Accordingly, the Board found the claim untimely filed, prompting this appeal by claimant.

Claimant does not dispute the Board's finding of no occupational disease and argues, instead, that he sustained an accident in January 1995, which would make his claim timely. We agree.* In *Matter of Middleton v Coxsackie Correctional Facility* (38 NY2d 130), upon which the Board relied, the Court of Appeals concluded that "the concept of time-definiteness required of an accident can be thought of as applying to either the cause or the result, so that there can be a compensable accident where there is an exposure to a condition over a protracted period during which the victim succumbs to a disease culminating in a relatively sudden collapse" (*id.*, at 135). In this case, however, there is no evidence of claimant's gradual succumbing to a progressive disorder. Rather, there is evidence that claimant suffered seizures when exposed to stress at work. Nevertheless, based upon either the cause or the result, we find nothing irrational in the conclusion that claimant sustained an accident in January 1990 when the seizure disorder became symptomatic and he sought medical treatment. That, however, is not the end of the inquiry.

Inasmuch as claimant suffered seizures within two years of the filing of the claim, the Board must have concluded that those seizures were a consequence of the January 1990 onset of the seizure disorder. There is, however, no evidence in the record to support such a conclusion. In October 1994, when claimant's workload was reduced, both the cause and the result of the January 1990 accident ended. Claimant was no longer exposed to periodic stress at work, the seizure disorder became asymptomatic and, therefore, there were no more seizures. In January 1995, when claimant was assigned additional duties, there was a second cause, i.e., new work-related stress, with its own result, i.e., the seizure disorder that had been asymptomatic became symptomatic. There is no evidence that the first episode of symptomatic seizure disorder, which began in January 1990 and ended in October 1994, caused or contributed in any way to the second episode, which began in

---

* The Board found the record insufficiently developed to determine whether claimant's seizure disorder actually constituted an accident within the meaning of the Workers' Compensation Law. For the purpose of the timeliness issue, we have assumed that claimant may ultimately prevail on the accident issue and the issue of causal relationship between his seizures and the stress of his job. Our decision should not be read as deciding those issues, which are for the Board to decide.

January 1995. The second episode, therefore, is separate and distinct from the first episode for the purpose of an accident within the meaning of the Workers' Compensation Law (*see, Matter of Kozlowski v Sober, Inc.*, 234 AD2d 725, 726-727). Accordingly, the claim was timely filed in May 1995.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

