■ In the Matter of the Claim of JOSEPH TRAVER, Respondent, v RICKKARD CONSTRUCTION COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 361] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2000, which ruled that claimant sustained a causally related consequential disability.

Claimant was employed as a carpentry supervisor on March 23, 1990 when a log fell on his right foot, breaking it. Accident, notice and causal relationship were established and workers' compensation benefits were awarded to claimant. Hearings were held periodically before a Workers' Compensation Law Judge (hereinafter WCLJ) to determine the continuing status of claimant's physical disability. At a hearing held in November 1992, medical testimony was presented for the first time on the

issue of whether claimant had sustained a compensable consequential injury to his back in addition to the previously established injury to his right foot. Additional expert medical testimony was presented at subsequent hearings on this issue.

In October 1998, the WCLJ rendered a decision amending the claim to include claimant's right shoulder and a consequential injury to his back, concluding that claimant had suffered a mild-to-moderate partial disability. On appeal, the Workers' Compensation Board affirmed the WCLJ's decision, relying primarily on the testimony of claimant's treating physician that claimant's back problems were the result of the limping gait he had adopted following the injury to his foot.

Substantial evidence supports the Board's ruling that claimant suffered a consequential injury to his back. Testimony was given by Lawrence Fein, an orthopedic surgeon who had been treating claimant since his initial injury in March 1990. Fein stated that claimant first complained of back pain in April 1992, a symptom that he attributed to claimant's "gait abnormality" which he had adopted to compensate for his injured foot. Fredric Fagelman, a neurological surgeon, testified that he had examined claimant in March 1993 and considered claimant's back pain to be "secondary" to his foot injury. David Welch, a physician specializing in physical and rehabilitation medicine, testified that he had first examined claimant in February 1996 and opined that there was a "direct relationship" between claimant's back pain and his limping gait. While the physicians who testified on behalf of the employer expressed contrary opinions to those presented by claimant's medical witnesses, the resolution of conflicts in expert medical testimony lies within the province of the Board, especially in matters where the Board must determine whether causality has been established (*see, Matter of Howell v Langie Fuel Serv.*, 241 AD2d 568, 570; *Matter of Diliberto v Hickory Farms*, 236 AD2d 663).

We conclude that substantial evidence supports the Board's finding of a consequential injury, noting that the two-year limitations period within which a claim for compensation must be filed following an accident (*see,* Workers' Compensation Law § 28) does not apply to claims arising out of consequential injuries (*see, Matter of Crawford v New York City Health & Hosp. Corp.*, 257 AD2d 801; *Matter of Palevsky v New York City Bd. of Educ.*, 246 AD2d 836, 837, *lv dismissed* 92 NY2d 876, *lv denied* 93 NY2d 818).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.