■ In the Matter of the Claim of ANNE M. PETILLO, Respondent, v WYCKOFF HEIGHTS HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [732 NYS2d 444] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed February 25, 2000, which ruled that an award of workers' compensation benefits for claimant's knee injury was not barred by Workers' Compensation Law § 28.

Claimant sustained a work-related injury to her back in January 1990 and timely filed a claim which resulted in an award of workers' compensation benefits. In August 1994, claimant fell and, during a September 1994 office visit to the orthopedist who was treating her work-related back condition, she reported pain in her right knee in addition to continuing back pain. An X ray of the knee at that time apparently revealed no problem and the orthopedist's September 1996 report summarizing the course of treatment for claimant's various orthopedic problems contained no mention of her knee for the period subsequent to the September 1994 office visit. In a March 1997 report, however, the orthopedist noted that claimant had again complained of pain in her right knee from the August 1994 fall. According to the report, the fall was caused by claimant's back discomfort and, therefore, the orthopedist requested authorization for an MRI and physical therapy for the knee. A subsequent report described the fall as having occurred when claimant's leg buckled which, the orthopedist

explained in his subsequent testimony, was consistent with the pain and weakness caused by the work-related back condition. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) contended that an award of benefits for claimant's knee injury was barred by the two-year limitations period of Workers' Compensation Law § 28. The Board, however, concluded that the timely 1990 claim should be amended to include the knee injury.

In *Matter of Emerson v American Broadcasting Co.* (124 AD2d 377), the claimant filed a claim based on a knee injury three years after he had sustained a work-related heel injury for which he had timely filed a claim. This Court held that because the undisputed medical evidence established that the heel injury altered claimant's gait, resulting in the injury to his knee, the Board erred in refusing to amend the original claim to include the knee injury. Thus, the rule has emerged that, in the case of consequential injuries, the existence of a relationship between a subsequent claim for injuries and an earlier injury for which a timely claim was filed will permit the amendment of the timely claim to include the subsequent injury, thereby avoiding the Workers' Compensation Law § 28 time bar (*see, e.g., Matter of Crawford v New York City Health & Hosp. Corp.*, 257 AD2d 801).

The employer argues that the rule should not be applied where, as here, the consequential injury was attributable to a subsequent discrete accident and claimant failed to seek benefits for the injury within the two-year period following that accident. The critical issue in consequential injury cases is whether there exists a relationship between the subsequent injury and the earlier injury for which a timely claim was filed (*see, id.*). We see no basis for the employer's distinction between subsequent consequential injuries that develop over time and those that occur at a discrete moment in time. There is substantial evidence to support the Board's conclusion that claimant's knee injury is related to her earlier back injury for which a timely claim was filed and, therefore, there is no basis to disturb the Board's decision to amend the timely claim to include the knee injury.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.