■ In the Matter of the Claim of RUSSELL SKIPPON, Appellant, v T.M. KENNEY'S INC. et al., Respondents. WORKERS'

---

COMPENSATION BOARD, Respondent. [745 NYS2d 116] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed April 12, 2001, which ruled, inter alia, that the employer's workers' compensation carrier timely raised the Workers' Compensation Law § 28 defense.

Claimant sustained work-related injuries to his neck and back in 1991 and timely filed a claim for workers' compensation benefits. In 1994, he was classified as permanently partially disabled and the case was closed. In March 1999, claimant's treating physician sought authorization to treat carpal tunnel syndrome, which he attributed to the 1991 accident. At the initial hearing on this claim in May 1999, the attorney for the employer's workers' compensation carrier stated that he was "going to raise all issues." Based upon this statement, the Workers' Compensation Board ultimately concluded that the carrier had timely raised the statute of limitations defense established by Workers' Compensation Law § 28, which barred the claim.

On this appeal, claimant contends that the carrier's general reference to "all issues" was insufficient to raise a specific objection based on claimant's failure to file the claim within the two-year period required by Workers' Compensation Law § 28. In the particular circumstances of this case, the Board could rationally conclude that the carrier's reference to "all issues" included an objection based upon the timeliness of a claim filed in 1999 for an injury allegedly sustained in a 1991 accident. The record leaves no doubt that the parties and the Workers' Compensation Law Judge understood that the carrier's statement encompassed a timeliness objection. Indeed, the carrier's statement was preceded by the acknowledgment of claimant's attorney that the carrier "is probably going to raise issues." In addition, the carrier's use of the all-encompassing phrase "all issues" was an appropriate means of preserving the timeliness issue in light of the discussion immediately preceding the statement with respect to whether claimant's carpal tunnel syndrome would be pursued as a consequential injury or as a direct injury from the 1991 accident—a distinction which is relevant because the limitations period of Workers' Compensation Law § 28 is inapplicable to a claim arising out of a consequential injury related to a prior injury for which a claim was timely filed (*see, Matter of Traver v Rickkard Constr. Co.,* 286 AD2d 808). On this record, we find no basis to disturb the Board's decision.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.