■ In the Matter of the Claim of RICHARD ZUCKER, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [869 NYS2d 696]—

Kane, J.

In February 1993, claimant was working at his employer's office in the World Trade Center in New York City when the building was the target of a bombing. This situation required claimant to evacuate the building by descending a smoke-filled stairwell to reach the ground floor and exit safely. In January 1996, shortly after he ceased working for the employer, claimant filed a claim for workers' compensation benefits based on injuries including smoke inhalation and posttraumatic stress disorder (hereinafter PTSD). A Workers' Compensation Law Judge established the claim for both smoke inhalation and

PTSD and awarded claimant benefits. Upon the employer's request for review of only the PTSD finding and benefits related thereto, the Workers' Compensation Board denied the claim as time-barred.* Claimant appeals.

We affirm the Board's determination that the claim is time-barred. Workers' Compensation Law § 28 bars claims for compensation filed more than two years after the date of the injury. The statutory time limitation is waived, however, if the employer provides advance payments of compensation in the form of wages or medical treatment in recognition or acknowledgment of liability (*see* Workers' Compensation Law § 28; *Matter of Schneider v Dunkirk Ice Cream*, 301 AD2d 906, 908-909 [2003]; *Matter of Kaschak v IBM Corp.*, 256 AD2d 830, 831 [1998]). Here, it is undisputed that claimant filed his claim more than two years after the February 1993 incident. Wages paid to claimant that were credited to his earned sick leave, without any acknowledgment by the employer that the absences were related to a compensable injury, did not represent a payment in recognition of liability (*see Matter of Petitt v Eaton & Van Winkle*, 5 AD3d 822, 823 [2004]; *Matter of Quinn v State of New York*, 70 AD2d 670, 671-672 [1979]). The employer did not pay for claimant's treatment by his private social worker and psychiatrist (*see Matter of Quinn v State of New York*, 70 AD2d at 671; *compare Matter of Romano v Franklin Gen. Hosp.*, 108 AD2d 971, 972 [1985]). It was reasonable for the Board to find that the voluntary group therapy sessions offered to all employees involved in the bombing, as opposed to just claimant, were not provided in acknowledgment of liability under the Workers' Compensation Law (*see Matter of New York State Dept. of Mental Hygiene*, 2004 WL 1284546, *3, 2004 NY Wrk Comp LEXIS 10767, *7 [WCB No. 59808645, 2004]; *cf. Matter of Kaschak v IBM Corp.*, 256 AD2d at 831; *compare Matter of Romano v Franklin Gen. Hosp.*, 108 AD2d at 972). While claimant apparently filed a claim for similar benefits in New Jersey, the record does not disclose whether the employer paid any compensation in that matter. In any event, such payments would not bar application of the two-year statute of limitations under Workers' Compensation Law § 28 (*see Matter of Marker v Bell Atl.*, 5 AD3d 818, 819-820 [2004]; *Matter of Auslander v Textile Workers Union of Am.*, 59 AD2d 90, 93 [1977]). As substantial evidence supports the Board's determination that the claim was untimely and the employer did not waive that error, we affirm

---

* The employer did not controvert the smoke inhalation aspect of the claim, but no benefits were awarded for that injury because claimant did not have any related lost time or continuing treatment.

(*see Matter of Firenze v Mayflower Van Lines*, 34 AD3d 966, 966 [2006]; *Matter of Marker v Bell Atl.*, 5 AD3d at 819).

The two-year limitations period in Workers' Compensation Law § 28 will not bar amendment of a timely-filed claim to include a consequential psychological injury (*see Matter of Skippon v T.M. Kenney's Inc.*, 296 AD2d 634, 635 [2002], *lv denied* 99 NY2d 502 [2002]; *Matter of Crawford v New York City Health & Hosp. Corp.*, 257 AD2d 801, 801 [1999]). Nevertheless, based upon claimant's testimony that he suffered from symptoms of and was diagnosed with PTSD immediately after the February 1993 incident, substantial evidence supports the Board's finding that his PTSD was a direct injury, not a consequential one (*compare Matter of Traver v Rickkard Constr. Co.*, 286 AD2d 808, 809 [2001]; *Matter of Palevsky v New York City Bd. of Educ.*, 246 AD2d 836, 836-837 [1998], *lv dismissed* 92 NY2d 876 [1998], *lv denied* 93 NY2d 818 [1999]). Accordingly, his claim was time-barred.

Mercure, J.P., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.