■ In the Matter of the Claim of LIAM NEVILLE, Appellant, v MAGAZINE DISTRIBUTORS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [876 NYS2d 249]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 29, 2008, which ruled that claimant's application for workers' compensation benefits was barred by Workers' Compensation Law § 28.

In his application for workers' compensation benefits, claimant asserted that his disabling membranous nephropathy was an occupational disease caused by exposure to chemicals at his workplace. At the conclusion of his direct examination before a Workers' Compensation Law Judge, however, his counsel conceded that the claim was for an accident rather than an occupational disease and that the date of the accident was more than two years prior to the filing of the claim. Accordingly, the Workers' Compensation Board found that claimant had sustained an accidental injury and that his claim was untimely under Workers' Compensation Law § 28 because he did not as-

sert it until more than two years after the accident. On appeal, he contends that the employer waived the defense of untimeliness by not specifically raising it at the first hearing and that, in any event, the tolling provision for occupational diseases in Workers' Compensation Law § 28 should be applied to his injury.

The timeliness objection was not waived. At the first hearing, the employer's counsel stated that it was raising "all . . . issues" in the C7 form which controverted the claim, and the C7 included a reference to Workers' Compensation Law § 28. Inasmuch as the parties then discussed the threshold issue of whether claimant had an occupational disease, which would extend the limitations period, the Board rationally concluded that "all issues" included the timeliness of a claim filed in November 2006 for an accidental injury allegedly sustained no later than August 2004 (*see Matter of Skippon v T.M. Kenney's Inc.*, 296 AD2d 634, 635 [2002], *lv denied* 99 NY2d 502 [2002]).

Claimant's argument that his claim for accidental exposure to hazardous materials should have the benefit of the tolling provision in Workers' Compensation Law § 28 for the discovery of an occupational disease is unpreserved for our review due to his failure to raise it before either the Workers' Compensation Law Judge or the Board (*see e.g. Matter of Toner v Michael Hanley Moving & Stor.*, 40 AD3d 1199, 1200 [2007], *lv denied* 9 NY3d 808 [2007]; *Matter of Huang Sheng Ku v Dana Alexander, Inc.*, 12 AD3d 988, 989 [2004]).

Peters, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.