■ In the Matter of the Claim of CHERYL HILBRANDT, Appellant, v VILLAGE OF RED HOOK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [906 NYS2d 183]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed April 15, 2009, which ruled that claimant's application for workers' compensation benefits was time-barred by Workers' Compensation Law § 28.

Claimant, a volunteer emergency medical technician for the Village of Red Hook in Dutchess County, was injured on August 26, 2005 when an improperly charged fire hose caught her leg, lifted her off of the ground and caused her to fall on her back and side. Her claim for workers' compensation benefits as a vol-

unteer firefighter was initially established for a left ankle and leg injury and was subsequently amended to include consequential injuries to her right shoulder. In April 2008, claimant was first treated for an injury to her right hip and, based upon the report of her treating physician, thereafter sought to amend her claim to include a consequential right hip injury. A Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of a causally related right hip injury and directed further hearings with regard to this claim, including the issue of timeliness. Following hearings wherein the testimony of claimant, her treating physician and the employer's independent medical examiner was taken, the WCLJ dismissed the claim for right hip injury as time-barred pursuant to Workers' Compensation Law § 28. Upon review, the Workers' Compensation Board upheld that determination, prompting this appeal.

Claimant contends that the Board improperly applied Workers' Compensation Law § 28 in finding that her claim for right hip injury was time-barred since this claim is governed by the Volunteer Firefighters' Benefit Law, which implements a separate and distinct statute of limitations (*see* Volunteer Firefighters' Benefit Law § 41). This issue, however, is unpreserved for our review due to claimant's failure to raise it before the WCLJ or the Board (*see Matter of Neville v Magazine Distribs., Inc.*, 61 AD3d 1165, 1166 [2009], *lv denied* 12 NY3d 712 [2009]). In any event, while we agree that Volunteer Firefighters' Benefit Law § 41, rather than Workers' Compensation Law § 28, should have been applied in this case, we would nonetheless find that claimant's claim for right hip injury, as presented to the Board, is time-barred under either statute.

Workers' Compensation Law § 28 provides, in pertinent part, that "[the] right to claim compensation . . . shall be barred . . . unless within two years after the accident . . . a claim for compensation shall be filed with the chair[ ]." The relevant language in Volunteer Firefighters' Benefit Law § 41 mirrors that of Workers' Compensation Law § 28, except that the word "accident" is replaced with the word "injury."[1] Under the Volunteer Firefighters' Benefit Law, "[i]njury" is defined as "any

---

1. Although Volunteer Firefighters' Benefit Law § 41 provides a tolling provision for discovery of a "disease" resulting from service as a volunteer firefighter, no such tolling period is provided for an "injury." In that regard, we note that claimant did not argue before the WCLJ or the Board—nor does she do so on this appeal—that her hip condition constitutes a disease, as opposed to an "injury," and there is no evidence in this record to support such a finding. Rather, claimant consistently maintained that her hip injury claim was timely because it was consequential to the injuries she suffered from the

disablement of a volunteer fire[fighter] that results from services performed in line of duty and such disease or infection as may naturally and unavoidably result from an injury" (Volunteer Firefighters' Benefit Law § 3 [4]). Here, the record provides substantial evidence that claimant's "accident" and "injury" to her right hip both occurred on the same date—August 26, 2005.

While claimant attempts to characterize her right hip injury as consequential to the injuries sustained at the time of the accident, rather than directly resulting from the accident, the record does not support such a finding. Claimant testified that she began noticing hip pain as early as November or December 2005, but "just kept going with the pain" and did not seek treatment for that condition until April 2008.[2] Claimant's treating physician testified, consistent with his written reports, that claimant's right hip injury was attributable to her being thrown onto her right lower back, buttock and hip at the time of the accident. More specifically, he indicated that claimant's hip injury was caused by the trauma she sustained from the fall, rather than other possible factors, and concluded that it was a direct result of the August 2005 accident. Since substantial evidence supports the Board's determination that claimant's right hip condition was a direct injury from the August 2005 accident, and given that claimant did not make a claim for that injury until April 2008 despite experiencing pain in her right hip as early as November 2005 which she believed to be attributable to the accident, the claim is barred as untimely (see Matter of Schley v North State Supply, 309 AD2d 1092, 1094 [2003]; compare Matter of Petillo v Wyckoff Hgts. Hosp., 288 AD2d 515, 516 [2001]; Matter of Emerson v American Broadcasting Co., 124 AD2d 377, 377-378 [1986]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.

accident, the workers' compensation carrier had sufficient notice of the area of her injury and that, in any event, there was no prejudice to the carrier from the late notice. As such, we only address the issue of whether claimant's "injury" to her hip is timely under Volunteer Firefighters' Benefit Law § 41 (cf. Matter of Neville v Magazine Distribs., Inc., 61 AD3d at 1166).

2. Nor do any of the medical reports from September 2005 to January 2008 make any mention of hip pain (see Matter of Hernandez v Guardian Purch. Corp., 50 AD3d 1258, 1259 [2008]).