■ In the Matter of the Claim of MICHELLE CAEZZA, Respondent, v VIA HEALTH et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [976 NYS2d 243]—

---

Stein, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 22, 2011, which ruled, among other things, that claimant sustained a permanent total disability.

Claimant, a hospital unit technician, suffered a back injury while moving a patient in 2002 and successfully applied for workers' compensation benefits. Her claim was subsequently amended to include right knee and hip injuries, cauda equina syndrome and incontinence. The Workers' Compensation Board ultimately amended the claim to include a consequential left knee injury and found that claimant had a permanent total disability. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) now appeal.

We initially reject the employer's arguments that the claim alleging a left knee injury was time-barred. The two-year limitations period set forth in Workers' Compensation Law § 28 does not bar the amendment of a timely-filed claim to include a consequential injury (*see Matter of Zucker v Port Auth. of N.Y. & N.J.*, 57 AD3d 1249, 1251 [2008]; *Matter of Skippon v T.M. Kenney's Inc.*, 296 AD2d 634, 635 [2002], *lv denied* 99 NY2d 502 [2002]). The record evidence here indicated that claimant experienced pain in both knees soon after the accident occurred, but that her knee problems were exacerbated as a result of frequent falls related to her back condition. Further, claimant's treating orthopedist opined that her left knee problems were caused by her efforts to ambulate as limited by her right knee and back injuries. Thus, substantial evidence supports the Board's determination that the left knee injury was a consequence of her original injuries (*see Matter of Scofield v City of Beacon Police Dept.*, 290 AD2d 845, 846 [2002]; *Matter of Petillo v Wyckoff Hgts. Hosp.*, 288 AD2d 515, 516 [2001]).

Substantial evidence similarly supports the Board's determination that claimant had suffered a permanent total disability. Conflicting medical evidence was presented as to the extent of claimant's disability, but the Board was free to credit the testimony of claimant's treating physician, orthopedist and orthopedic surgeon, all of whom opined that she is totally disabled and unable to engage in any employment (*see Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d 1171, 1172 [2009]). The doctors further explained their reliance upon the workers' compensation guidelines in rendering those opinions which, in any event, are nothing more than useful criteria for the Board

(*see Matter of Eaton v Dellapenna Assoc.*, 91 AD3d 1008, 1009 [2012]; *Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d at 1172).

McCarthy, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.