Stein, J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed May 1, 2012, which ruled that claimant was an employee of Larry Ashline and Marlene Ashline and awarded workers’ compensation benefits, and (2) from a decision of said Board, filed February 27, 2013, which denied a request by Larry Ashline and Marlene Ashline for reconsideration and/or full Board review.
Claimant filed a claim for workers’ compensation benefits after she was injured by a bull on the dairy farm of Larry Ashline and Marlene Ashline. The Ashlines, who did not carry workers’ compensation insurance at the time of claimant’s accident, controverted the claim on the basis that claimant was not their employee. At the ensuing hearing, claimant testified that she had been hired by the Ashlines to perform evening milking duties on their farm and that she was performing these duties at the time of her injury. The Ashlines denied that they had hired claimant to work on their farm and maintained that they *1010 had only met her on two occasions when she appeared on their farm uninvited. The Workers’ Compensation Law Judge found that claimant was employed by the Ashlines and awarded benefits. On review, the Workers’ Compensation Board affirmed. The Board subsequently denied the Ashlines’ request for reconsideration and/or full Board review and these appeals ensued.
The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination must be upheld if supported by substantial evidence (see Matter of Brzezinski v Gambino, 100 AD3d 1192, 1192 [2012]; Matter of Blotko v Solomon Oliver Mech. Contr., 91 AD3d 990, 991 [2012]). In this case, resolution of this issue turned upon the sharply conflicting testimony of claimant and that of the Ashlines and their witnesses. The Board credited claimant’s testimony and specifically found the testimony of the Ashlines and their witnesses to be lacking in credibility. Given the significant deference accorded to the Board’s resolution of issues of credibility, and despite proof in the record that could support a different result, we find that the Board’s determination is adequately supported by the record (see Matter of Brzezinski v Gambino, 100 AD3d at 1193; Matter of Pelaez v Silverstone, 93 AD3d 1042, 1043 [2012], lv dismissed and denied 19 NY3d 954 [2012]; Matter of Blotko v Solomon Oliver Mech. Contr., 91 AD3d at 991). We also find that, based upon the Ashlines’ actual notice of the accident, the Board did not abuse its discretion by excusing claimant’s failure to file written notice pursuant to Workers’ Compensation Law § 18 (see Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 916 [2011]; Matter of Pisarek v Utica Cutlery, 26 AD3d 619, 620 [2006]; Matter of Thousand v Human Resources Admin., Community Dev. Agency, 252 AD2d 664, 665 [1998], lv denied 92 NY2d 816 [1998]). Upon review of the record and submissions, we find no basis upon which to conclude that the Board’s denial of reconsideration and/or full Board review was either arbitrary and capricious or an abuse of discretion (see Matter of Pelaez v Silverstone, 93 AD3d at 1043). The Ashlines’ remaining argument pertaining to their obligation to maintain workers’ compensation insurance was not raised before the Workers’ Compensation Law Judge or the application for Board review and is, therefore, not properly before us (see Matter of Hilbrandt v Village of Red Hook, 75 AD3d 1025, 1026 [2010]; Matter of Beers v Jump Start Advanced Academics, 57 AD3d 1026, 1028 [2008]).
Peters, EJ, Rose and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, with costs to claimant.