■ In the Matter of the Claim of SUSAN LOGAN, Appellant, v WESTCHESTER MEDICAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [986 NYS2d 652]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed March 18, 2013, which, among other things, ruled that claimant's application for workers' compensation benefits was time-barred.

Claimant, an office assistant, was injured at work in 2004 while moving heavy boxes. Her claim for workers' compensation benefits was established for an injury to her lower back. In 2011 she sought to amend the claim to include a consequential right knee injury. A Workers' Compensation Law Judge conducted hearings upon the issue, after which he dismissed the claim for right knee injury as time-barred pursuant to Workers' Compensation Law § 28. The Workers' Compensation Board affirmed and, moreover, assessed a penalty against claimant's attorney for seeking review without reasonable grounds. Claimant appeals.

Workers' Compensation Law § 28 requires that a claim for compensation be filed within two years after the accident occurred, but that limitations period "does not bar the amendment of a timely-filed claim to include a consequential injury" (*Matter of Caezza v Via Health*, 111 AD3d 1033, 1034 [2013]; *see Matter of Zucker v Port Auth. of N.Y. & N.J.*, 57 AD3d 1249, 1251 [2008]). Claimant testified that she twisted her knee during the accident and immediately experienced symptoms, and her treating orthopedist opined that claimant had directly

injured her knee in the accident. Thus, substantial evidence in the record supports the Board's finding that claimant's knee injury was a direct, not a consequential, one (*see Matter of Zucker v Port Auth. of N.Y. & N.J.*, 57 AD3d at 1251; *Matter of Jones v Cowper Co.*, 80 AD2d 685 [1981]).

Substantial evidence does not support the Board's further finding that claimant's appeal was "instituted or continued without reasonable ground" such as to warrant an assessment of counsel fees against her counsel pursuant to Workers' Compensation Law § 114-a (3). Claimant specifically points to a specialist in physical medicine and rehabilitation who had examined her and to whom she had related her history of the accident, and the specialist opined that claimant had sustained a consequential knee injury stemming from a gait altered by her established back injury. Her application for Board review asserted that the evidence of her having sustained a consequential knee injury should be credited over inconsistent evidence, including her own testimony (*see e.g. Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741-742 [2001]). The Board understandably rejected that argument, but it erred in finding that there was "no basis for support in the record" for it (*cf. Matter of Banton v New York City Dept. of Corr.*, 112 AD3d 1195, 1196 [2013]).

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as assessed a penalty of $500 against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii), and, as so modified, affirmed.